# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:24-cv-03492

BRITTANY NICHOLS,

        Plaintiff,

v.

LEGACY HOSPITALITY HOLDINGS, INC., a Florida corporation, LEGACY CLUB HOLDINGS, LLC, a Florida Limited Liability Company, LVC TIMESHARE DEVELOPER, LLC, a Florida Limited Liability Company, and THE SUITES AT STEAMBOAT OWNERS ASSOCIATION, INC., a Colorado Nonprofit Corporation.

        Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Brittany Nichols through her attorney Scott P. Landry of Landry Law, P.C., hereby submits this Complaint and Jury Demand against Defendants, Legacy Hospitality Holdings, Inc., a Florida corporation, Legacy Club Holdings, LLC, a Florida limited liability company, LVC Timeshare Developer, LLC, a Florida limited liability company, and The Suites At Steamboat Owners Association, Inc., a Colorado nonprofit corporation (collectively "Defendants"),  and state as follows:

### I.   PARTIES

1. Plaintiff is currently and at all times relevant to this lawsuit a resident of the State of Colorado.

2. Defendant Legacy Hospitality Holdings, Inc. is a Florida corporation with a corporate address at 8451 Palm Parkway, Orlando, Florida 32836.

3. Defendant Legacy Club Holdings, LLC is a Florida limited liability company with a company address at 8451 Palm Parkway, Orlando, Florida 32836.

4. Defendant LVC Timeshare Developer, LLC is a Florida limited liability company with a company address at 8451 Palm Parkway, Orlando, Florida 32836.

5. Defendant The Suites At Steamboat Owners Association, Inc. is a Colorado nonprofit corporation 1485 Pine Grove Road, Steamboat Springs, Colorado 80487.

6. At all times relevant, Defendants Legacy Hospitality Holdings, Inc., Legacy Club Holdings, LLC, LVC Timeshare Developer, LLC, and The Suites At Steamboat Owners Association, Inc. owned, controlled, operated, managed, and maintained the Legacy Vacation Resorts, Steamboat Springs Suites located at 1485 Pine Grove Road, Steamboat Springs, Colorado 80487.

## II.   JURISDICTION & VENUE

7. This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws, because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different States.

2

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to this Complaint occurred within the District of Colorado.

### III. FACTUAL ALLEGATIONS

9. At all times relevant, Defendants Legacy Hospitality Holdings, Inc., Legacy Club Holdings, LLC, LVC Timeshare Developer, LLC, and The Suites at Steamboat Owners Association, Inc. owned, controlled, operated, managed, and/or maintained the Legacy Vacation Resorts, Steamboat Springs Suites located at 1485 Pine Grove Road, Steamboat Springs, Colorado 80487 (the "Property").

10. At all times relevant, Defendants marketed, advertised, and invited the general public, including Plaintiff, to enter and conduct business with the Property for lodging and use of its condominium accommodations.

11. At all times relevant, the Property was a "public accommodation" within the meaning of Section 6 CCR 1010-14-2.0.

12. As a public accommodation, the Defendants were required to keep the Property in a clean, safe and sanitary condition; and shall be responsible for ensuring that the Property is in a clean, safe and sanitary condition prior to each occupancy. Section 6 CCR 1010-14-3.0.

13. At all times relevant, Defendants were "Landowners" of the Property as that term is defined in C.R.S. § 13-21-115(5)(a), which states:

3

> For the purposes of this section, "landowner" includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

14. At all times relevant, Plaintiff was an "Invitee" of the Defendants at the Property as that term is defined in C.R.S. § 13-21-115(5)(a), which states:

> "Invitee" means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

15. C.R.S. § 13-21-115(3)(c)(I), provides that a Landowner is liable to an Invitee for damages caused by the Landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

16. At all times relevant, Defendants were legally responsible for the condition and maintenance of the Property.

17. At all times relevant, Defendants knew that Invitees like Plaintiff would use the bathroom and the bathroom's sliding Barn Door in the condominium accommodations at the Property.

18. At all times relevant, the Barn Door was not properly installed and/or maintained, which caused it to fail and come off its tracks, which constituted a safety hazard and a dangerous condition.

4

19. At all times relevant, Defendants knew or should have known that the type of Barn Doors installed at the Property can often come out of alignment due to frequent use, causing them to sag or fail.

20. At all times relevant, Defendants knew or should have known that the misalignment of the type of Barn Door used at the Property is usually caused by loose screws or brackets.

21. At all times relevant, Defendants actually knew or should have known that the Barn Door was misaligned and likely to fail, and that it constituted a safety hazard and a dangerous condition.

22. At all times relevant, Defendants had a duty to use reasonable care in maintaining the Property, including the Barn Door, to protect Plaintiff and other Invitees from the safety hazard and dangerous condition of which they knew or should have known.

23. On December 18, 2022, Plaintiff was a registered guest at the Property.

24. On December 18, 2022, Plaintiff was using the sink in the bathroom of the Property when the showers and bathroom started flooding with sewage water.

25. On December 18, 2022, Plaintiff attempted to use the hair dryer supplied by the Defendants but it did not work in the Property's bathroom.

26. On December 128, 2022, Plaintiff attempted to plug the hair dryer into an outlet outside of the bathroom next to the Barn Door.

27. On December 128, 2022, when Plaintiff attempted to plug the hair dryer into an outlet outside of the bathroom, the Barn Door fell off of its railing and violently struck Plaintiff in the back of her head and neck.

28. Plaintiff was injured as a direct and proximal result of the Barn Door fell off of its railing and violently struck Plaintiff in the back of her head and neck. (The facts in paragraphs 23-28 of this Complaint are collectively referred to as the "Incident").

29. As a direct and proximal result of the Incident, Plaintiff sustained injuries and damages.

30. Plaintiff obtained medical treatment for the injuries she sustained in the Incident.

31. Plaintiff's health diminished as a result of the injuries she sustained in the Incident.

32. Plaintiff's quality of life diminished as a result of the injuries she sustained in the Incident.

33. Plaintiff's injuries are permanent due to the nature of the of the injuries

she sustained in the Incident.

34. Plaintiff incurred economic damages and losses as a result of the of the injuries she sustained in the Incident.

35. As a result of the Incident, Plaintiff suffered injuries, damages and losses, including economic and non-economic damages, both past and future, permanent physical impairment, and disfigurement.

36. Plaintiff is entitled to pre-judgment and post judgment interest as provided by law.

## IV.   STATEMENT OF CLAIM

(Premises Liability Pursuant to C.R.S. § 13-21-115 Against Defendants)

37. At the time of the Incident, Defendants were the "Landowners" of the Property as that term is defined by C.R.S. § 13-21-115(1).

38. At the time of the Incident, Plaintiff was an "Invitee" of the Defendants at the Property as that term is defined in C.R.S. § 13-21-115(5)(a).

39. At the time of the Incident, Defendants knew or should have known the Barn Door was a safety hazard and a dangerous condition.

40. At the time of the Incident, the Defendants failed to exercise reasonable care to protect Plaintiff from the dangerous condition of which they knew or should have known.

41. Defendants had a duty to construct, maintain and keep the Property, including the Barn Door, in a reasonably safe condition for the benefit of its Invitees, including Plaintiff.

42. Plaintiff was not at fault for the Incident.

43. At the time of the Incident on December 18, 2022, Plaintiff suffered injuries, damages and losses, including economic and non-economic damages, both past and future, and permanent physical impairment, because of Defendants' failure to exercise reasonable care to protect Plaintiff from a dangerous condition of which they knew or should have known.

## V.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Brittany Nichols, respectfully requests judgment in her favor against all Defendants, jointly and severally in an amount to be determined at trial and for costs of this lawsuit, for pre-judgment and post judgment interest as provided by law, for expert witness fees, and for such other and further relief as the Court deems proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: December 17, 2024

Respectfully submitted,

*/s/ Scott P. Landry*
Scott P. Landry
Landry Law, P.C.
9896 Rosemont Avenue, Suite 104
Lone Tree, Colorado  80124
Telephone: (720) 583-2143
Facsimile: (720) 583-2483
E-mail: slandry@landrylawpc.com